**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **BRENDA PENN-WILLIAMS,**<br><br>        **Plaintiff,**<br><br>**vs.**<br><br>**CITY OF NORWALK, NORWALK BOARD OF EDUCATION, and STEVEN ADAMOWSKI,** **in his individual capacity**<br><br>        **Defendants.** | **CASE NO.:** |

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Brenda Penn-Williams (**"Penn-Williams," "Plaintiff,"** or **"plaintiff"**), by and through her undersigned counsel, Daugherty Law Group, LLC, located at 260 Madison Avenue, Suite 8032, New York, New York, 10016, and as and for her complaint against defendants City of Norwalk (**"Defendant City"**), Norwalk Board of Education (**"Defendant Board,"**) and Steven Adamowski (**"Defendant Adamowski"**) arising from his duties and employment with Defendant City and Defendant Board, individually in her capacity as an employee of Defendant City and Defendant Board states and alleges as follows:

**I.   INTRODUCTION**

    1.   This is an action for money damages to redress the deprivation by Defendant Board, through its agents, servants and/or employees, of the rights secured to Plaintiff by the Constitution and laws of the United States, as well as

those of the State of Connecticut. Defendant Board, through its agents, servants and/or employees, were responsible for violating Plaintiff's federal and state statutory rights, and thereby improperly deprived her of the freedom and liberty afforded to all citizens of this State and Country, without any cause, justification or excuse.

2.     This is an action by Plaintiff against her employer and superintendent for (1) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et. seq., (2) race discrimination and retaliation under the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-51 et seq.,  (3) race discrimination and retaliation in violation of 42 U.S.C. §§ 1981, 1983 and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America, (4) violation of her right to free speech pursuant to Conn. Gen. Stat. § 31-51q and Article First § 4 of the Connecticut Constitution, and (5) violation of her right to free speech secured by the First Amendment of the Constitution of the United States of America and 42 U.S.C. § 1983.

## II.     <u>JURISDICTION</u>

3.     Jurisdiction in this Court is invoked under the provisions of the Judicial Code at 28 U.S.C. Sections 1331, 1343, and 1367, the Civil Rights Acts of 1964 and 1991, Title VII thereof and Article 1, §§ 1 and 10 of the Connecticut Constitution which confers pendent jurisdiction upon this Court with respect to any cause of action under state law.

### III.   **VENUE**

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this District because Defendants City of Norwalk and Norwalk Board of Education are located in Norwalk, Connecticut, and Defendant Steven Adamowski worked in Norwalk, Connecticut, and the conduct underlying Plaintiff's claims occurred in Norwalk, Connecticut.

### IV.   **EXHAUSTION OF REMEDIES**

5.      Plaintiff timely filed her complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about February 8, 2019 against Defendants City of Norwalk and Norwalk Board of Education. Plaintiff received a Release of Jurisdiction ("ROJ") from the CHRO on March 15, 2021 and a Notice of Right to Sue ("NORTS") from the EEOC on March 15, 2021.  She has filed these claims within 90 days of her receipt of the ROJ and NORTS, respectively.

### V.   **PARTIES**

6.      The Plaintiff is an individual who resides at 21 Karen Drive, Norwalk, Connecticut, 06851. Plaintiff was employed as a substitute teacher for Defendants City of Norwalk and Norwalk Board of Education from June 2014 through October 1, 2018.

7.      At all relevant times, Plaintiff was an "employee" as defined by Title VII.

8.      Plaintiff is African-American of race and her color is Black. She is a female.

9.      Defendant City of Norwalk is a local municipality responsible for the education of its citizens. Defendant City of Norwalk at all relevant times employed more than 50 persons.

10.      Defendant Norwalk Board of Education is responsible for overseeing the administration of educational services offered to the residents of Defendant City.

11.      Furthermore, Defendant Board is responsible for all employment related decisions of Defendant City, including but not limited to, controlling the Plaintiffs' work schedules and conditions of employment; determining the rate and method of the payment of wages; and maintaining at least some records regarding Plaintiffs' employment.

12.      Defendant Board acts as an agent of Defendant City.

13.      Together, Defendants City of Norwalk and Norwalk Board of education jointly employed Plaintiff.

14.      Defendant Steven Adamowski was the Superintendent of Defendants City of Norwalk and Norwalk Board of Education when Plaintiff was terminated on or around October 1, 2018. Defendant Adamowski is Caucasian of race and white of color.

## VI.     **FACTS**

15.      Plaintiff, Brenda Penn-Williams, an African-American female, began working for Defendants City of Norwalk and Norwalk Board of Education in or around June 2014 as a substitute teacher.

16.    Penn-Williams has been the president of the Norwalk chapter of the National Association for the advancement of Colored People ("NAACP") since 2016. In her role as president of the NAACP, she regularly receives complaints and phone calls from parents, teachers, administrators, and students of Norwalk Public Schools.

17.    Penn-Williams routinely spoke out at Defendant Board of Education's public meetings about the treatment of African American teachers, African American administrators, and African American students.

18.    Lynne Moore, a African-American female and former principal of West Rocks Middle School was demoted on or around August 9, 2018.

19.    Shortly after it was announced that Lynne Moore was demoted, Penn-Williams complained to Norwalk Mayor Harry Rillings about the unfair treatment of African-American teachers, in particular, the treatment of Marie Allen and Lynne Moore.

20.    Around the time Lynne Moore was demoted, Penn-Williams also complained directly to Defendant Adamowski about the unfair treatment of African-American teachers and administrators. Dr. Lynne Moore had been the principal of West Rocks Middle School for nearly twenty years when she was unceremoniously demoted to assistant principal. Dr. Moore alleged she was demoted on account of her race and for speaking out against Defendant Board's policies and practices.

21.     On September 14, 2018, Penn-Williams had a meeting scheduled with Norwalk High School Principal, Reginald Roberts, to discuss some of her concerns regarding a new program for students at Norwalk High School.

22.     During Penn-Williams' meeting with Principal Roberts on September 14, 2018, Principal Roberts decided to take Penn-Williams to a classroom so she could observe the students herself.

23.     During the observation, Principal Roberts talked to a couple teachers and introduced Penn-Williams to the teachers in the classroom. The observation lasted no more than 5 minutes. Penn-Williams left the classroom and the school thereafter.

24.     On September 24, 2018, Penn-Williams was asked by a couple parents to support their children returning from suspension. Penn-Williams met with the parents at the school, then all parties proceeded to Mr. Edward Singleton's office to discuss the students' return. After the meeting concluded, Penn-Williams left the school. She did not observe any classrooms on this date.

25.     The next day, September 25, 2018, Defendant Board's Chief of Digital Learning and Development, Ralph Valenzisi, visited Principal Roberts at Norwalk High School to confirm the existence of several programs, because Penn-Williams had made comments regarding Pathways publicly and he was preparing a response for the Board meeting scheduled that afternoon. Principal Roberts confirmed the existence of the programs and Mr. Valenzisi departed.

26.     On or around September 25, 2018, Penn-Williams gave a speech at Defendant Board's public meeting. In her speech, she criticized the policies and

procedures of Defendant Board.  The meeting was streamed and recorded for Defendant Board's YouTube page. The meeting was attended by dozens of Defendant City citizens.

27.    At the time of the speech on September 25, 2018 Defendant Adamowski was Superintendent of the City of Norwalk Board of Education. Defendant Adamowski was present at the meeting.

28.    At the time of the speech on September 25, 2018 Defendant Board consisted of nine members. All nine members were Caucasian. All nine members attended the public meeting on September 25, 2018.

29.    In the speech on September 25, 2018 Penn-Williams highlighted the differential treatment she felt African American students were receiving. She also highlighted the inadequate education of students with special needs.

30.    In the speech on September 25, 2018 Penn-Williams complained about the academic expectations of the African American students at Norwalk High School and Brien McMahon High School.

31.    In the speech on September 25, 2018 Penn-Williams stated, "students are roaming the halls, not attending classes, and attending more than one lunch period. There is very little learning going on in both schools. At Brien McMahon, with the approval of Scott Hurwitz, teachers are focusing on Go Fund Me pages and making murals for the walls in the classroom for two 90 minute time blocks. There are no high academic expectations for these students and you are setting these students up for failure."

32.    In the speech on September 25, 2018 Penn-Williams stated, "at Norwalk High School, a parent reported that Ed Singleton is trying to force her child to drop out of school and attend Adult Ed. Two students at Norwalk High School are in their fifth year in high school and are not close to graduating. No one at Norwalk High seems to know how many credits the students have because Ms. Sweeters did not know what to do and scheduled the students for the same classes that they completed and passed the previous year. Norwalk High is calling their classes General English, General Math, General Social Studies and General Science. These students will be pushed through high school without the skills to enter the workplace."

33.    In the speech on September 25, 2018 Penn-Williams stated, "parents also shared that there are low expectations for their children and that they have been placed on a computer to do Edgenuity. They shared that since Edgenuity was put in place by Dr. Adamowski when he arrived, it has been very difficult for them to learn so the students google and copy the answers to do the work. I also understand that it is also students in the regular classes that are doing this on Edgenuity too."

34.    In the speech on September 25, 2018 Penn-Williams continued, "after shutting down Briggs, you, Dr. Adamowski and the Board, will hold the blame for not educating these children and for not providing an equal education to all children in Norwalk. Prior to your arrival Dr. Adamowski, students thrived at Briggs – several students went on to technical schools, one is preparing to take a Fire Fighter Exam, NCC where they are working on their nursing degree and one

just became a phlebotomist. You are to blame for this disaster and need to fix it immediately."

35.    Penn-Williams then changed topic and began to criticize Defendant Board and Defendant Adamowski's employment practices. Frank Costanzo, Defendant Board's Chief of School Operations, also attended the public meeting on September 25, 2018.

36.    In the speech on September 25, 2018 Penn-Williams continued, "the second concern needing immediate attention is Frank Costanzo's alleged sexual misconduct. What are we teaching and modeling for our children and teachers here? Organizations across the country are reassigning or firing the alleged harassers. While organizations across the country do not tolerate this behavior, Norwalk Public Schools does. We have employees who have been fired for less. The Hour reported on this case over a year ago. Mr. Costanzo, according to the article, stated that he was too drunk and did not remember. Mr. Costanzo has the responsibility over administering discipline and decisions involving harassment. Board members, have you even asked how he can do this successfully since he does not understand it himself? Can you guarantee this type of behavior will not be an issue in Norwalk? Dr. Adamowski, have you not addressed this because the woman he allegedly harassed is **Black**? We are asking that Frank Costanzo be removed immediately. Please hire a qualified and seasoned administrator who can model professionalism and fairness across the board. We keep hearing that you are training Mr. Costanzo as our next superintendent, Dr. Adamowski. This community will not accept that."

37.     Penn-Williams continued, "it is very clear that since the School Board is now **all white**, there are many unfair practices against minorities. There is a White psychologist in the district who allegedly stabbed her husband and she is still employed. A White central office secretary was arrested on a DUI, she is still employed, a **black** security guard who was in a music video was fired. Stop this now and do the right thing."

38.     Near the end of her speech, when Penn-Williams began to speak out about the allegations that a White Administrator had been accused of sexual harassment, a Defendant Board member, Mike Barbis, started to bang his gavel in an attempt to drown out Penn-Williams' words. Mike Barbis then began to yell at Penn-Williams and challenge her observations and complaints.

39.     On October 1, 2018, six (6) days after Penn-Williams' speech at the Norwalk Board of Education meeting, she was denied access to the substitute teacher database. She emailed Human Resources Specialists, Janis Curtis, to inquire about her substitute teacher status.

40.     Ms. Curtis mistakenly emailed Penn-Williams back stating, "Javier: how would you like me to proceed with this. I can have her call me and let her know that I inadvertently had her removed from the substitute list and add her back."

41.     Ms. Curtis then tried to retract her email to Penn-Williams by sending a subsequent email stating, "Stephanie Garret would like to recall the message, 'Terminated substitute.'"

42.    A couple days later, on October 3, 2018, Mr. Frank Costanzo and Mr. Ralph Valenzisi visited Norwalk High School (unscheduled) to speak with Principal Roberts about Penn-Williams. They informed Principal Roberts that some teachers had complained about Penn-Williams' "unannounced" visit to their classroom "*on or about September 25.*" Principal Roberts informed Mr. Frank Costanzo and Mr. Ralph Valenzisi that that was his first time hearing about any complaints of Penn-Williams, and that Penn-Williams had scheduled an appointment to meet with him on *September 14, 2018* through his secretary and that she was not disruptive or loud in any manner.

43.    The next day, October 4, 2018, Defendant Adamowski sent Penn-Williams an email stating that Defendant Board was "investigating a complaint from an administrator and teacher at Norwalk High School. The complaint alleges that you interrupted the scheduled activities of the principal by arriving unannounced at the school without an appointment and demanding a tour of the classes former students of Briggs High School were attending."

44.    Principal Reginald Roberts did not agree with Defendant Adamowski's representation of Penn-Williams' visit to Norwalk High School.

45.    Defendant Adamowski also stated in the email that the reason Penn-Williams was terminated was because "while at the school you also attempted to obtain student records using a records release form signed by a parent."

46.    Ultimately Penn-Williams was terminated on account of her race and for opposing Defendant Board's unfair treatment of African-American teachers, administrators, and students.

47.    Defendants never terminated a White substitute teacher of Norwalk Public Schools for allegedly observing a classroom with the principal of the school or for attempting to obtain student records.

48.    Penn-Williams was qualified for the position of substitute teacher. She had no previous disciplinary records in her personnel file.

49.    Penn-Williams was replaced by an individual outside her protected class (race).

50.    On or around October 16, 2018, Mr. Frank Costanzo and Mr. Ralph Valenzisi met with Principal Roberts and his union representative, Lynne Moore, to solicit his cooperation in the Mrs. Penn-Williams matter. Again, Principal Roberts stated that Penn-Williams was not "loud and vociferous," that she never talked to the students, and that she had scheduled an appointment with his secretary the morning of September 14, 2018.

51.    He further stated that parents and community leaders visit Norwalk High School to observe classrooms all the time and that it had never been an issue in the past.

52.    Principal Roberts told Mr. Frank Costanzo that he could confirm Penn-Williams' appointment on September 14, 2018 by talking to his secretary.

53.    Mr. Frank Costanzo *did not* ask Principal Roberts' secretary if Penn-Williams scheduled an appointment with Principal Roberts on September 14, 2018.

54.     On October 24, 2018, Principal Roberts was issued an Administrator Warning Letter for failing to "prevent the disruption of classroom instruction and learning."

## VII.    <u>CAUSES OF ACTION</u>

**COUNT ONE AGAINST DEFENDANT BOARD and DEFENDANT CITY:**
**[42 U.S.C. §2000e, <u>et. seq.</u>, Title VII Disparate Treatment (Race & Color)]**

55.     Paragraphs 1-54 of this Complaint are re-alleged herein as Paragraphs 1-54 of this First Count.

56.     Plaintiff belongs to a protected class (Black).

57.     Plaintiff was qualified for the position of substitute teacher. She has no reprimands of any kind in her employee personnel file.

58.     Defendants, through their agents, servants and/or employees, were responsible for violating Plaintiff's federal statutory rights, and thereby improperly deprived her the freedom and liberty afforded to all citizens of this County, without any cause, justification or excuse.

59.     Plaintiff's race and color were motivating factors in Defendants' employment actions set forth above with respect to compensation, treatment, and other terms of employment.

60.     Raising an inference of discrimination, Plaintiff was replaced by an individual outside Plaintiff's protected class (Black).

61.     As a result of these unlawful actions of Defendants City and Board, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT TWO AGAINST DEFENDANT BOARD and DEFENDANT CITY:**
**[42 U.S.C. §2000e, et seq., Title VII Retaliation]**

62.     Paragraphs 1-61 of this Complaint are re-alleged herein as Paragraphs 1-61 of this Second Count.

63.     Plaintiff participated in protected activity when she complained to Defendant Board members about the differential treatment Black teachers, Black students, and Black administrators were experiencing.

64.     Plaintiff participated in protected activity when she complained to Defendant Adamowski about Lynne Moore's demotion in or around August 2018.

65.     Plaintiff participated in protected activity when she complained to Mayor Riling about Lynne Moore's unfair demotion in August 2018.

66.     Plaintiff participated in protected activity when she gave her speech at the Norwalk Board of Education meeting on September 25, 2018.

67.     Plaintiff opposed Defendants discriminatory policies and procedures on September 25, 2018 at the Norwalk Board of Education meeting.

68.     Defendant Board was aware of Plaintiff's protected activity in August 2018 when she complained to Defendant Adamowski about Lynne Moore's demotion.

69.     Defendant Board was aware of Plaintiff's protected activity on September 25, 2018 when she complained about the discriminatory policies and procedures of Defendant Board at the Norwalk Board of Education meeting. All of the Board members were present at the meeting on September 25, 2018, including its superintendent, Defendant Adamowski.

70.     Plaintiff was terminated less than two months after she complained to Defendant Adamowski about Lynne Moore.

71.     Indirectly establishing causation, Plaintiff's termination closely followed her protests of discrimination.

72.     Plaintiff was terminated as a substitute teacher nine (9) days after she engaged in protected activity on September 25, 2018. Plaintiff was given notice of her termination by Defendant Adamowski on October 4, 2018.

73.     As a result of these unlawful actions of Defendants City and Board, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT THREE AGAINST DEFENDANT ADAMOWSKI:**
**[42 U.S.C. §§ 1981, 1983 and 14th Amendment of United States Constitution]**

74.     Paragraphs 1-73 of this Complaint are re-alleged herein as Paragraphs 1-73 of this Third Count.

75.     At all times herein, Defendant Adamowski, was the Superintendent of Defendant Board and was acting under color of state law. Defendant Adamowski is being sued in his individual capacity. Defendant Adamowski is Caucasian of race and White of color.

76.     Defendant Adamowski participated directly in Plaintiff's termination. Defendant Adamowski unilaterally decided and notified Plaintiff that she was being terminated.

77.     Defendant Adamowski intentionally discriminated against Plaintiff by terminating her due to her race and color.

78.    Raising an inference of discrimination, Plaintiff was replaced by an individual outside her protected class (Black).

79.    Plaintiff's race was a but-for cause in Defendant Adamowski's employment actions set forth above with respect to compensation, treatment, and other terms of employment.

80.    Plaintiff's race was a motivating factor in Defendant Adamowski's employment actions set forth above with respect to compensation, treatment, and other terms of employment.

81.    As a result of these unlawful actions of Defendant Adamowski, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT FOUR AGAINST DEFENDANT ADAMOWSKI:**
**[Retaliation 42 U.S.C. §§1981, 1983, 14th Amendment]**

82.    Paragraphs 1-81 of this Complaint are re-alleged herein as Paragraphs 1-81 of this Fourth Count.

83.    Defendant Adamowski, as a public school employee acting in his official capacity as Superintendent of Norwalk Public Schools was acting under the color of state law when he violated Plaintiff's constitutional rights.

84.    Defendant Adamowski subjected Plaintiff to the treatment alleged herein because Plaintiff complained of or otherwise opposed discrimination.

85.    Defendant Adamowski was aware of Plaintiff's protected activity.

86.     Defendant Adamowski was present at the September 25, 2018 Norwalk Board of Education meeting when Plaintiff accused him personally of making discriminatory hiring decisions.

87.     Defendant Adamowski terminated Plaintiff nine (9) days after she criticized the policies and procedures of Defendant Board at the Norwalk Board of Education meeting.

88.     As a result of these unlawful actions of Defendant Adamowski, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT FIVE AGAINST DEFENDANT BOARD and DEFENDANT CITY:**
**[CFEPA: Race & Color Discrimination]**

89.     Paragraphs 1-88 of this Complaint are re-alleged herein as Paragraphs 1-88 of the Fifth Count.

90.     Defendants, through their agents, servants and/or employees, were responsible for violating Plaintiff's state rights, and thereby improperly deprived her the freedom and liberty afforded to all citizens of Connecticut, without any cause, justification or excuse.

91.     Plaintiff's race was a motivating factor in Defendants' employment actions set forth above with respect to compensation, treatment, and other terms of employment.

92.     Plaintiff's color was a motivating factor in Defendants' employment actions set forth above with respect to compensation, treatment, and other terms of employment.

93.    Plaintiff was replaced by an individual outside her protected class.

94.    Plaintiff was replaced by an individual who does not identify as African American or Black.

95.    As a result of these unlawful actions of Defendants, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT SIX AGAINST DEFENDANT BOARD and DEFENDANT CITY:
[CFEPA: Retaliation]**

96.    Paragraphs 1-95 of this Complaint are re-alleged herein as Paragraphs 1-95 of the Sixth Count.

97.    Plaintiff participated in protected activity when she gave her speech at the Norwalk Board of Education meeting on September 25, 2018.

98.    Plaintiff opposed Defendants discriminatory policies and procedures on September 25, 2018 at the Norwalk Board of Education meeting.

99.    Defendant Board was aware of Plaintiff's protected activity on September 25, 2018 when she complained about the discriminatory policies and procedures of Defendant Board at the Norwalk Board of Education meeting. All of the Board members were present at the meeting on September 25, 2018, including its superintendent, Defendant Adamowski.

100.    Plaintiff was terminated as a substitute teacher nine (9) days after she engaged in protected activity on September 25, 2018. Plaintiff was given notice of her termination by Defendant Adamowski on October 4, 2018.

101.  As a result of these unlawful actions of Defendants, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT SEVEN AGAINST DEFENDANT CITY and DEFENDANT BOARD: [CONN. GEN. STAT. § 31-51q (Violation of Free Speech & Expression)]**

102.  Paragraphs 1-101 of this Complaint are re-alleged herein as Paragraphs 1-101 of the Seventh Count.

103.  Plaintiff's speech at the Norwalk Board of Education meeting on September 25, 2018 was about matters of pubic concern.

104.  Plaintiff's speech at the Norwalk Board of Education meeting on September 25, 2018 was about the policies and procedures of the Norwalk school district.

105.  Plaintiff's speech at the Norwalk Board of Education meeting on September 25, 2018 did not substantially or materially interfere with Plaintiff's bona fide job performance or the working relationship with her employer.

106.  Plaintiff had little to no contact with Defendant Board members or Defendant Adamowski in her capacity as a substitute teacher.

107.  Plaintiff was not speaking out within the course of her duties as a substitute teacher when she criticized Defendant Board at the Norwalk Board of Education meeting on September 25, 2018.

108.  As a result of these unlawful actions of Defendants, Plaintiff has suffered and will continue to suffer economic damages and severe emotional trauma.

**COUNT EIGHT AGAINST DEFENDANT CITY and DEFENDANT BOARD:**
**[42 U.S.C. §1983 and 1st Amendment of the United States Constitution]**

109. Paragraphs 1-108 of this Complaint are re-alleged herein as Paragraphs 1-108 of the Eighth Count.

110. Plaintiff's speech at the Norwalk Board of Education meeting on September 25, 2018 criticized Defendant Board's policies and procedures as racially discriminatory toward students and faculty.

111. Plaintiff's speech at the Norwalk Board of Education meeting on September 25, 2018 was not pursuant to her official duties as a substitute teacher.

112. Plaintiff was speaking as a citizen rather than pursuant to her official duties on September 25, 2018 at the Norwalk Board of Education meeting.

113. The subject of Plaintiff speech at the Norwalk Board of Education meeting on September 25, 2018 was a matter of public concern.

114. Plaintiff's interest in commenting on the issues outweighed the interest of the state as employer. Plaintiff is the President of the NAACP, she is obligated to speak out against perceived racially discriminatory policies and procedures in the city she resides and holds the title NAACP President.

115. Plaintiff's speech at the Norwalk Board of Education meeting on September 25, 2018 was a substantial or motivating factor in Plaintiff's termination. Plaintiff was terminated nine (9) days after the speech.

116. Defendants cannot reasonably justify terminating Plaintiff based solely on her visit to Norwalk High School on September 14, 2018. If Plaintiff was inappropriate at the school visit on September 14, 2018, Frank Costanzo and

Ralph Valenzisi would not have waited until October 3 , 2018 to interview Principal Roberts about the visit.

117.   Ralph Valenzisi visited Principal Roberts at Norwalk High School on September 25, 2018 (the day of the speech) and did not mention Penn-Williams' September 14, 2018 visit. Penn-Williams only observed a classroom on September 14, 2018. If she was truly inappropriate during that visit on September 14, 2018, Ralph Valenzisi would have asked Principal Roberts about the visit on September 25, 2018. Instead, Ralph Valenzisi visited Principal Roberts at Norwalk High School on September 25, 2018 to *prepare* for the Board meeting that afternoon.

118.   Defendant Board was more concerned about Penn-Williams' looming statements at the Board meeting that afternoon than it was about Penn-Williams' visit to Norwalk High School two weeks prior.

119.   Furthermore, Defendant Adamowski's representation of the September 14, 2018 visit in Plaintiff's termination email was debunked by the only witness present during Plaintiff's entire visit on September 14, 2018, Principal Roberts.

120.   As a result of these unlawful actions, Plaintiff has suffered economic damages and severe emotional trauma.

## VIII.   PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully prays this Court take jurisdiction over this case and grant judgment against the Defendants. Plaintiff prays that the following relief be awarded:

a.  Compensatory damages in an amount this Court shall consider just and fair;

b.  Punitive damages in an amount this Court shall consider just and fair;

c.  Attorney's fees and reimbursement of cost of the instant action;

d.  Reimbursement of back wages and compensation for Plaintiff's lost income;

e.  Prejudgment interest; and

f.  All other relief that this Court deems just and fair.

## IX.  **DEMAND FOR JURY TRIAL**

121. Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this **9th** day of **June, 2021**

Respectfully submitted by,

Ryan D. Daugherty
Daugherty Law Group, LLC
260 Madison Avenue, Suite 8032
New York, New York 10016
(646) 859-1674
Federal No. ct30807