UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENDA PENN-WILLIAMS, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:21-cv-784 (JBA) |
| CITY OF NORWALK, NORWALK BOARD OF EDUCATION, and STEVEN ADAMOWSKI, in his individual capacity, | : | JULY 14, 2023 |
| Defendants. | : | |

**<u>Ruling on Defendants' Request for Leave to Amend Affirmative Defenses</u>**

Defendants Norwalk Board of Education and Steven Adamowski (collectively, "Defendants") are seeking permission to amend their Answer to the Complaint by adding certain affirmative defenses. Defendants argue that leave should be granted to amend the Answer pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Plaintiff argues that the Defendants have failed to apply the "governing legal standard" and that the Defendants have not shown "good cause" under Rule 16 of the Federal Rules of Civil Procedure as to why the existing scheduling order should be modified.

After reviewing the briefs, this Court held a hearing on July 10, 2023. In the briefs and during the hearing, defense counsel explained that he appeared as new counsel for the Defendants on May 1, 2023 and filed the motion for leave to amend the Answer four days later. [Dkt. #131 at 1] Defense counsel argues that he acted diligently. In response, Plaintiff argues that the appearance of new counsel is not sufficient to establish "good cause" and there was no new information that came to light after the filing of Defendants' original Answer. Plaintiff also argues that she will

1

not have enough time to review the proposed affirmative defenses because of the upcoming discovery deadline. In response, Defendants argue that the proposed amendments do not change the substance of the lawsuit and Plaintiff will not suffer any prejudice because she has not taken any depositions yet. There has been no showing of bad faith on the part of the Defendants or undue prejudice to the Plaintiff. Therefore, Defendants' Request for Leave to Amend Affirmative Defenses is GRANTED.

I. Legal Standard

Since the Honorable Sarah A. L. Merriam issued a Scheduling Order and the deadline for amending the pleadings has passed, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the [c]ourt's scheduling order 'shall not be modified except upon a showing of good cause.'" *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). Whether good cause exists turns on the "diligence of the moving party." *Id.* Thus, where, as here, a party's motion to amend would require altering a court's scheduling order, the party "must satisfy both Federal Rules of Civil Procedure 15 and 16 to be permitted to amend." *Precision Trenchless, LLC v. Saertex multiCom LP*, No. 3:19-CV-0054 (JCH), 2022 WL 807052, at *1 (D. Conn. Mar. 16, 2022) (citation omitted).

According to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading only with the opposing party's written consent or with the court's leave. Under the Rule, the court "should freely give" such "leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has emphasized that amendment should normally be permitted and has stated that refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules." *Veritas-Scalable Inv. Prod. Fund, LLC v. FB Foods, Inc.*, No. 3:04 CV 1199 (JBA) (JGM), 2006 WL 2520262, at *2 (D. Conn. July 26, 2006) (citation omitted). The court's "exercise [of discretion] depends upon

many factors, including undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of [the] amendment[.]" *Id.* (citation omitted).

The Second Circuit has found that "[t]he Rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Feeney v. Dunham*, No. 3:06 CV 310 (DJS), 2007 WL 1186046, at *3 (D. Conn. Apr. 18, 2007) (quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "[T]o determine what constitutes 'prejudice,' the trial court must consider whether an assertion of the proposed amended claims would (1) require the opponent to expend significant additional resources to conduct discovery or prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent a plaintiff from bringing a timely action in another jurisdiction." *Phillips v. Philips Elecs. N. Am. Corp.*, No. 3:12-CV-01005 CSH, 2013 WL 1832143, at *1 (D. Conn. Apr. 30, 2013) (citation omitted).

II.   Discussion

On August 20, 2021, Defendants filed their Answer and Affirmative Defenses. In the Answer, Defendants asserted the affirmative defenses of qualified immunity and state governmental immunity. [Dkt. #19] Thereafter, the parties engaged in comprehensive discovery. On May 1, 2023, Defendants obtained new counsel. On May 5, 2023, Defendants filed a motion for leave to amend their Answer and add certain affirmative defenses. [Dkt. #125] Defendants argue that "the interests of justice require the insertion of certain additional Affirmative Defenses on behalf of the Board and Dr. Adamowski." [Dkt. #125-1 at 2] Defendants argue that Plaintiff

cannot show prejudice or bad faith because the motion for leave to amend the Answer was filed only four days after new counsel filed an appearance on behalf of the Defendants. Defendants also note that no depositions were taken prior to May 5, 2023, which is when the motion for leave to amend the Answer was filed. To date, the only deposition that has been taken is Plaintiff's deposition. Discovery does not close until August 7, 2023.[1] Defendants argue that Plaintiff has been on notice of the proposed affirmative defenses since May 5, 2023 and, given the nature of the proposed affirmative defenses and the extended discovery period, Plaintiff will have adequate time to prepare for the two depositions Plaintiff intends on taking.

Plaintiff argues that Defendants have not established "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure to amend the scheduling order, which is the governing legal standard. [Dkt. #128 at 1] Plaintiff argues that Defendants' motion should be denied because of Defendants' failure to apply a Rule 16(b) analysis. Plaintiff argues that Defendants provided no excuse for their "inordinate delay" and there has been no newly obtained discovery that would provide any "good cause" to amend the Answer. [Dkt. #128 at 4] Plaintiff argues that Defendants' proposed amendments are based on information that Defendants already knew or should have known when the original Answer was filed. Plaintiff asserts that she will suffer prejudice because there is not enough time between now and the end of discovery for Plaintiff to thoroughly investigate the new affirmative defenses.

The Court finds that Defendants' proposed amendments would not prejudice Plaintiff given that Plaintiff has not deposed any of the defense witnesses yet. Plaintiff has been aware of the potential affirmative defenses since May 5, 2023, and the discovery deadline has been extended

---

[1] Defendants filed their motion for leave to amend the Answer on May 5, 2023. At the time, the discovery deadline was June 22, 2023. However, Plaintiff filed a motion to extend the discovery deadline. [Dkt. #136] The Court extended the discovery deadline until August 7, 2023. [Dkt. #138]

through August 7, 2023.[2]  The Court does not find, and Plaintiff has not argued, that the amendment would require Plaintiff to expend any additional resources to conduct discovery or delay the resolution of the dispute.  The Plaintiff primarily argues that Defendants were not diligent and delayed in amending their affirmative defenses; however, mere delay is not enough for this Court to deny a motion to amend.  The Court does not find any bad faith or dilatory motive on the part of the Defendants as newly appointed counsel filed the motion only four days after his appearance.

As to whether "good cause" exists to amend under Rule 16, the Court has determined that Defendants have made a sufficient showing of good cause. While hiring new counsel, *by itself*, is not grounds for finding good cause, the Court finds that new counsel acted diligently to amend the affirmative defenses once he reviewed the case file and become acquainted with the facts of the case.

In conclusion, the Court GRANTS Defendants' request for leave to amend their Affirmative Defenses.

SO ORDERED this **14th day** of **July,** 2023 at Hartford, Connecticut.

                                                                      /s/

Robert A. Richardson
United States Magistrate Judge

---

[2] The Court notes that some of the proposed affirmative defenses are not actually affirmative defenses. For instance, in connection with the discrimination and retaliation claims, the Fifth Affirmative Defense asserts that all of Defendants' actions were taken for legitimate, non-discriminatory, non-retaliatory business reasons. The Seventh Affirmative Defense asserts that even if Plaintiff's protected activity was a factor in the adverse employment activity, the protected activity was not a determining or motivating factor in, or a "but for" cause of, any employment action taken by the Defendants. In essence, these two proposed Affirmative Defenses merely assert that the Plaintiff will fail to meet her burden of proof; they are not affirmative defenses.  However, Plaintiff has not argued that any of the proposed amendments would be futile.